UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DAVIS,

        Plaintiff,

    v.                              Civil Action 88-00130 (HHK)

DEPARTMENT OF JUSTICE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the court is John Davis's motion for the attorney's fees and costs he has incurred in prosecuting this lawsuit brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. [#266]. This motion was referred to Magistrate Judge Alan Kay for his report and recommendation pursuant to LCvR 72.3. The central question before the court is whether a statutory provision, enacted into law while this case was still pending, and authorizing the award of attorney's fees in situations like those presented in this case, operates retroactively. The Magistrate Judge concluded that it did and recommended that Davis's motion be granted. Report and Recommendation at 18 ("Rep. & Rec.") [#276]. The Department of Justice ("DOJ") objects to the Rep. & Rec., and argues that the statutory provision does not apply retroactively and that Davis cannot recover any attorney's fees or costs. Upon consideration of Davis's motion, the DOJ's opposition, the Rep. & Rec., the DOJ's objection thereto, and Davis's response to the DOJ's objection, the court concludes that the DOJ's objection has merit, and that Davis's motion for attorney's fees and costs must be denied.

## I.  BACKGROUND

Davis brought this case under FOIA seeking audiotapes recorded during a criminal investigation from the Federal Bureau of Investigation ("FBI").  The facts and procedural history of the case are thoroughly described in the Magistrate Judge's Rep. & Rec. and will not be repeated here.  The court will, however, give a brief explanation of the history of the attorney's fees dispute.

In 2000, Davis moved the court to award him attorney's fees and costs.  This court denied the motion, holding that the Court of Appeals for the District of Columbia Circuit ("Court of Appeals") had foreclosed the award of attorney's fees in this case in *Oil, Chemical & Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy* ("*OCAW*").  Order, *Davis v. Dep't of Justice*, Civ. No. 88-130 (D.D.C. July 23, 2002) [#230].  *OCAW* held that to be eligible for an award of attorney's fees under FOIA, a plaintiff must have achieved relief as a result of a court judgment or court-ordered consent decree.  *OCAW*, 288 F.3d 452, 456 (D.C. Cir. 2002).  On appeal, the Court of Appeals upheld this court's order, citing *OCAW*.  *Davis v. Dep't of Justice*, 460 F.3d 92, 105 (D.C. Cir. 2006).  While Davis had received 158 tapes from the FBI, a considerable amount of relief, the Court of Appeals concluded that "none were produced as the result of a judgment on the merits or a court-ordered consent decree," and therefore Davis could not receive attorney's fees. *Id*. at 105-06 (internal quotations omitted).  As it had in *OCAW*, the Court of Appeals rejected the proposition that Davis could be awarded attorney's fees under a "catalyst theory," i.e., that he could receive attorney's fees because the lawsuit brought about a voluntary change in the defendant's conduct.  *See id.*

In 2007, Congress passed the Open Government Act of 2007, which amended the standard for determining whether a litigant is eligible for attorney's fees under FOIA. *See* 5 U.S.C. § 552(a)(4)(E). This new provision authorizes the award of attorney's fees in the case where "the complainant has obtained relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id*. Congress thus codified the "catalyst theory" rejected in *OCAW* and *Davis*. Davis now seeks to revisit the issue of attorney's fees in light of this enactment.

## II.  ANALYSIS

The central question before the court is whether the provision of the Open Government Act of 2007, authorizing attorney's fees under the circumstances of this case, has retroactive effect and thus applies to Davis's request for attorney's fees. In his Rep. & Rec., the Magistrate Judge concluded that the provision has retroactive effect and recommended that the court award Davis attorney's fees. Rep. & Rec. at 8, 14. The DOJ strongly objects to this conclusion and argues that principles of sovereign immunity bar the retroactive application of the attorney's fees provision. The DOJ is correct.

The Magistrate Judge's Rep. & Rec. acknowledged the traditional presumption against applying statutes retroactively, but cited to the Supreme Court's decisions in *Bradley* and *Landgraf* for the proposition that this presumption does not apply to attorney's fees. Rep. & Rec. at 6-8. In *Bradley*, the Supreme Court addressed whether plaintiffs in a desegregation action were entitled to attorney's fees when the statute authorizing those fees was enacted after the case was submitted to the appeals court. *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 698-99 (1974). The Court based its holding "on the principle that a court is to apply the law in effect at

3

the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary," and determined that the attorney's fees provision was retroactive. *Id*. at 711. Two decades later, in *Landgraf*, the Court recognized the tension between the traditional presumption against retroactivity and *Bradley*, but held that fee shifting statutes do not resemble the types of cases in which the traditional presumption against retroactivity has been invoked because "[a]ttorney's fee determinations . . . are collateral to the main cause of action and uniquely separable from the cause of action to be proved at trial." *Landgraf v. USI Film Prods.*, 511 U.S. 255, 277 (1994) (internal quotations omitted). The Magistrate Judge also cited *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1367 (D.C. Cir. 1977), *overruled on other grounds*, which held that the FOIA provision authorizing attorney's fees enacted in 1974 could be applied to an action that was commenced in 1967 but terminated after the statute's effective date. Rep. & Rec. at 8. On the basis of these precedents, the Magistrate Judge concluded that attorney's fees provisions, such as the newly enacted FOIA provision, were retroactive and that Davis was eligible for attorney's fees. *Id*.

The DOJ objects to the Magistrate Judge's conclusion, arguing that applying the statute retroactively in this case is contrary to basic principles of sovereign immunity. Instead, the DOJ urges the court to apply the rule of strict construction under which any doubts about the scope of a waiver of sovereign immunity must be resolved in favor of the narrower governmental liability, and thus conclude that the provision is not retroactive. The DOJ cites *Brown*, in which the Court of Appeals concluded that an amendment to the Civil Rights Act allowing the recovery of interest on attorney's fees should not be applied retroactively because waivers of sovereign immunity are to be strictly construed. *See Brown v. Sec'y of Army*, 78 F.3d 645, 647 (D.C. Cir.

1996). The Court of Appeals in *Brown*, according to the DOJ, distinguished *Bradley* because *Bradley* did not concern sovereign immunity. Davis rejoins that the DOJ's argument is undermined by *Cuneo*, in which the Court of Appeals applied attorney's fees amendments to FOIA retroactively. *Cuneo*, according to Davis, is clear and direct precedent that FOIA attorney's fees amendments waive sovereign immunity and apply retroactively. *Brown*, Davis argues, is of no assistance to the DOJ because the Civil Rights Act of 1991 amendments at issue in that case involved changes to the substantive law, such as providing for damages and jury trials, and not merely procedural matters.

  The court concludes that *Brown* dictates the outcome in this case. In *Brown*, the Court of Appeals addressed head on the question of how to resolve the tension between (1) the *Bradley* rule that the court should apply the law in effect at the time it renders its decision and (2) the traditional presumption against retroactivity, in the case where the United States' sovereign immunity is at issue. *Brown*, 78 F.3d at 650-61 ("As they relate to the question of whether a statute is retroactive, then, it would seem that the *Bradley* presumption and the rule of strict construction are antipodal."). In that case, the question was whether an amendment to Title VII that allowed the award of interest on attorney's fees and costs was retroactive. *Id*. at 647. The Court of Appeals held that "[i]n the special case . . . in which the newly enacted statute is a wavier of sovereign immunity, the rule of strict construction requires . . . the statute . . . to be construed no more broadly than is required by its terms." *Id*. at 651. The Court of Appeals distinguished *Bradley*, concluding that "[t]he statute at issue in *Bradley*, however, was not a waiver of the sovereign immunity of the United States . . . . As a result, the Supreme Court in *Bradley* had no occasion to advert to the special principle of statutory construction that it had

5

previously made applicable to waivers of sovereign immunity." *Id*. at 649; *see also id.* at 651 ("*Bradley* was readily distinguishable: the United States was not the defendant in that case.") (internal quotation omitted). Thus, the Court of Appeals concluded that where the sovereign immunity of the United States is at issue, the rule of strict construction trumps the *Bradley* rule.

Davis argues that instead of *Brown*, the court should look to *Cuneo*, which held that a FOIA attorney's fee provision applied retroactively despite the fact that the United States was the defendant. The court acknowledges that the holding of *Cuneo* appears to be in tension with *Brown*. The Court of Appeals, however, distinguished *Cuneo* in *Brown*, explaining *Cuneo* as follows: the "legislative history showed that Congress intended that [the] existing body of law governing attorney's fees be used to determine whether [an] award could be made against [the] Government." *Id*. at 652. The court concludes that to the extent that *Cuneo* would lead it to reach a different holding, this is foreclosed by *Brown*, which considered *Cuneo* and necessarily determined that *Cuneo* did not stand for the proposition that attorney's fees provisions are retroactive in cases where the government is the defendant absent a showing of Congressional intent. Moreover, Davis's suggestion that the amendment in *Brown* changed the law substantively, and so *Brown* is inapplicable to this case, is belied by *Brown*, in which the Court of Appeals considered only the issue of the retroactivity of interest on attorney's fees. *See Brown*, 78 F.3d at 647.

### III. CONCLUSION

For the foregoing reasons, it is this 24th day of March 2009, hereby

**ORDERED** that Davis's motion for attorney's fees [# 266] is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge